IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRITTANY MARTIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-16-1269-C |
| | ) |
| HEALTH CARE SERVICE | ) |
| CORPORATION, a mutual legal reserve | ) |
| company, d/b/a BLUE CROSS AND | ) |
| BLUE SHIELD OF OKLAHOMA, and | ) |
| ROCKY MOUNTAIN HOLDINGS, L.L.C., | ) |
| a Delaware limited liability company, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM OPINION AND ORDER

Now before the Court is Defendant Rocky Mountain Holdings, L.L.C.'s ("RMH") Motion for Summary Judgment (Dkt. No. 28); Plaintiff's Motion to Amend the Complaint (Dkt. No. 29); and Plaintiff's Motion to Amend the Scheduling Order (Dkt. No. 30). Each Motion was fully briefed and is now at issue. Due to the nature of the facts, the Court will dispose of all three motions herein.

I. Background

On October 4, 2014, Plaintiff Brittany Martin went into early labor and her doctor in Enid, Oklahoma ordered an emergency air transfer for Plaintiff to go to another care center with neonatal intensive care availability. RMH provided the emergency air transfer for Plaintiff to Integris Baptist Medical Center in Oklahoma City, Oklahoma. RMH billed Plaintiff $42,604.56 for the air transfer. Plaintiff's insurer, Defendant Health Care Service Corporation d/b/a Blue Cross and Blue Shield of Oklahoma ("BCBS") paid $6,902.51,

leaving a balance of $35,702.05. RMH initially sought the balance from Plaintiff, who then filed the present suit, seeking declaratory judgment against RMH that she was not liable for the billed amount and that BCBS's insurance contract violated applicable law. Plaintiff also brought claims of breach of contract, bad faith, and fraud and misrepresentation against BCBS.

Nearly two years after Plaintiff's air transfer, RMH and BCBS entered into a new rate agreement and decided to apply the agreement retroactively to Plaintiff's bill, leaving the current balance at zero. RMH represents it no longer seeks payment from Plaintiff or BCBS. Plaintiff states she has not received a release of balance nor has BCBS provided an explanation of benefits. RMH filed a Motion for Summary Judgment, arguing Plaintiff's claim for declaratory judgment is moot. Plaintiff argues the claim is not moot and seeks leave to amend the Complaint and Scheduling Order to add class certification and make two other factual changes.

## II. RMH's Motion for Summary Judgment

The standard for summary judgment is well established. Summary judgment may only be granted if the evidence of record shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating the absence of material fact requiring judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A fact is material if it is essential to the proper disposition of the claim. Anderson

v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the movant carries this initial burden, the nonmovant must then set forth specific facts outside the pleadings and admissible into evidence which would convince a rational trier of fact to find for the nonmovant. Fed. R. Civ. P. 56(c). All facts and reasonable inferences therefrom are construed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Plaintiff seeks a declaratory judgment against RMH, but the Court only has jurisdiction over the claim if a "case of actual controversy" is present. 28 U.S.C. § 2201(a). An actual controversy is "definite and concrete, touching the legal relations of parties having adverse legal interests." Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 240-41 (1937) (citations omitted). There is no actual controversy if a claim is moot. To determine mootness in a declaratory judgment case, a court must "look[] to whether the requested relief will actually alter the future conduct of the named parties." Schell v. OXY USA Inc., 814 F.3d 1107, 1114 (10th Cir. 2016), cert. denied, ___ U.S. ___, 137 S. Ct. 376 (2016), and cert. denied, ___ U.S. ___, 137 S. Ct. 446 (2016) (citations omitted). "[A] federal court [must] refrain from deciding [the claim] if events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future." Id. (citations and internal quotation marks omitted).

RMH's Motion for Summary Judgment argues the declaratory judgment claim is moot and the Court has no jurisdiction over it. As the issue stands today, Plaintiff owes nothing to RMH for the emergency air transfer services it rendered in 2014.

Plaintiff claims there are conflicting dates regarding when Defendants actually told her there was no balance. Even taking this as true, the fact remains that Plaintiff owes nothing; there is no controversy. Plaintiff's arguments regarding public policy and her demands for an official release of the balance or judicial determination as a matter of law that she owes nothing are not persuasive. Rather than an intentional mooting of Plaintiff's claim to manipulate the Court's jurisdiction, the Court views the outcome of Defendants' decision to apply the new rates retroactively as a public benefit. This is an outcome similar to bargains struck during settlement negotiations, but in this case, Plaintiff received the benefit of a zero-balance bill without participating in settlement negotiations.

Plaintiff argues that if the Court finds the declaratory judgment claim is moot, judicial estoppel requires a determination that Plaintiff is the prevailing party. As defined by Plaintiff, a prevailing party is the litigant that succeeds upon its merits. Hanrahan v. Hampton, 446 U.S. 754, 758 (1980) (per curiam) (interpreting availability of attorney fees in civil rights case). Here, Plaintiff's moot claim has not reached a decision on its merits, nor does judicial estoppel fit the facts of this case. The doctrine focuses on parties employing inconsistent positions in separate legal actions to gain an unfair advantage and seek conflicting rulings. See generally 18B Wright & A. Miller Fed. Prac. & Proc. Juris.

§ 4477 (2d ed.). Even if this case were eligible for judicial estoppel, Plaintiff cannot meet the second estoppel factor set out by the Tenth Circuit. Neither Defendant has persuaded the Court to accept an earlier position that is different from the current position- i.e., Defendants agreed to apply the fee arrangement retroactively to Plaintiff's bill. See BancInsure, Inc. v. F.D.I.C., 796 F.3d 1226, 1240 (10th Cir. 2015) (citation and internal quotation marks omitted) (listing factors and noting judicial estoppel should be applied narrowly and cautiously). While Defendants asserted a different position regarding the bill in the pleadings- i.e., the Plaintiff owed a balance, the present Motion submits the first dispositive issues considered by the Court in this case.

Therefore, judicial estoppel does not declare Plaintiff the prevailing party. The Court was also unable to locate authority for naming a prevailing party when there is a moot declaratory action. See Schell, 814 F.3d at 1127-28 (finding no independent basis within the Federal Declaratory Judgment Act to award attorney fees). The Court has reviewed Plaintiff's cross motion for summary judgment on this issue and has determined it raises no issue not addressed or precluded by this decision. Accordingly, Rocky Mountain Holding's Motion for Summary Judgment (Dkt. No. 53) is granted and Plaintiff's Motion for Summary Judgment against RMH (Dkt. No. 46) is stricken as moot. Because the only claim against RMH is moot, RMH is terminated as a party to this action.

### III. Plaintiff's Motion to Amend Complaint

Plaintiff filed her request for leave to amend the Complaint on July 14th when the deadline for motions to amend pleadings was February 1st and discovery was scheduled to end August 1st. She states the reason for this request is new information, that is, the fact that RMH was no longer seeking payment from her came to light in RMH's Motion for Summary Judgment. Plaintiff argues the "second and undisclosed payment on Plaintiff's account with RMH after commencement of this suit" was in direct contradiction to BCBS's expert witness report. (Mot. to Amed Compl., Dkt. No. 29, p. 3.) Plaintiff represents she was diligent in meeting scheduling deadlines and no party had conducted depositions.

RMH objected on the basis that it argues the claim for declaratory judgment against it is moot and this was previously disclosed in its initial disclosures which state "RMH is not seeking damages and seeks no additional payments from Plaintiff or [BCBS] based on information provided by the co-defendant." (Initial Disclosures, Dkt. No. 28-2, p. 2.) The arguments regarding this information and other facts in the briefs break down into little more than bickering regarding communications during the discovery process. Plaintiff's counsel should have called RMH's counsel if the language contained in the initial disclosure was unclear; likewise, RMH's counsel should have made an effort to construct a clearer statement.

In its response, BCBS also has a laundry list of complaints regarding Plaintiff's actions during discovery, to which Plaintiff offers explanations and counterarguments.\* BCBS argues the proposed amendments would essentially start the case from scratch, and the Court agrees. Plaintiff either knew or should have known of the facts she qualifies as new information in RMH's motion. The Court finds Plaintiff has not demonstrated good cause for such a substantial amendment to the Complaint and a discovery re-do. The amendment request is long past due and allowing it would cause severe prejudice to the Defendants and undue delay in the case. Accordingly, Plaintiff's request to amend the Complaint is denied.

## IV. Plaintiff's Motion to Amend Scheduling Order

Plaintiff requests leave to amend the Scheduling Order whether or not the request to amend the Complaint is granted. Plaintiff points to late submissions by BCBS, issues with the parties agreeing on a protective order, and failed settlement negotiations as matters of delay requiring an amendment to the Scheduling Order. In turn, Defendants attempt to lay blame at Plaintiff's feet. The Court will not sort out each grievance and finds that all three parties share fault in the delays presented.

---

\* The parties are strongly encouraged to work harder at cooperating and responding to communications from opposing counsel. The Court will not issue sanctions sua sponte at this time, but will reconsider this decision if the current behavior continues. Many of the factual issues presented should have been resolved amongst the parties rather than generating unnecessary and lengthy discussion in the briefs.

The Court will extend the discovery deadline not for good cause, but because this Order moots the claim against RMH and the remaining parties may need to conduct depositions. A separate Amended Scheduling Order shall issue. The parties are advised that no further extensions will be granted without good cause. In light of this decision and the Court's requirement that counsel renew and improve their efforts to communicate, BCBS's Motion to Strike (Dkt. No. 58) is stricken and the parties will meet and confer or teleconference regarding the issues before the Court will address the problem. The Amended Scheduling Order does not extend the witness list deadline, but a motion to amend the current witness lists would be considered. All other pending motions will proceed with normal briefing procedure.

## CONCLUSION

For the reasons set forth herein, Defendant Rocky Mountain Holdings, LLC's Motion for Summary Judgment (Dkt. No. 28) is GRANTED. The claim against Defendant is MOOT. Plaintiff's Motion to Amend the Complaint (Dkt. No. 29) is DENIED and Plaintiff's Motion to Amend the Scheduling Order (Dkt. No. 30) is GRANTED in part and DENIED in part. A separate Amended Scheduling Order shall issue. Plaintiff's Motion for Summary Judgment against Rocky Mountain Holdings (Dkt. No. 46) is STRICKEN as moot and Defendant Health Care Service Corporation's Motion to Strike (Dkt. No. 58) is STRICKEN.

IT IS SO ORDERED this 17th day of August, 2017.

ROBIN J. CAUTHRON
United States District Judge